IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A. ROYSTER,
    Plaintiff,

vs.                              Case No:  3:06cv238/RV/MD

YMCA, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint (doc. 4) under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  Upon review of the amended complaint, the court concludes that plaintiff's federal claims are frivolous, and that dismissal is therefore warranted.

Plaintiff is a regular litigant in this court.[1]  In this complaint, he names four defendants: the YMCA of Myrtle Grove ("YMCA"); Angela James, Supervisor, YMCA; Tess Newman, Childcare Supervisor, YMCA and Britt Landrum, President, AmStaff Human Resources.  Plaintiff's allegations are as follows.  In April of 2006, he entered into a contract with the YMCA for employment as a summer camp counselor.  After the job interview, unspecified "tangible goods" of an estimated value of $110.00 were exchanged.  On May 13, 2006 during a YMCA training class, plaintiff "discovered that the YMCA were [sic] violating people [sic] rights," specifically, Title II of the ADA and the Fourteenth Amendment, by denying insulin-dependent children access to the YMCA because no one was qualified to give them their shots.  Plaintiff also discovered that grown men were flashing their private parts at children, but the

---

[1] This is the tenth case plaintiff has filed in this court in the past three years.  The court has allowed plaintiff to proceed *in forma pauperis* in each of his cases.  To date, six of plaintiff's cases have been dismissed for failure to state a claim, and two have been dismissed for plaintiff's failure to prosecute and failure to comply with orders of the court.  Plaintiff's remaining case is still pending.

activity was not being reported to law enforcement or "HRS." When plaintiff voiced his concerns about these issues during the training class, defendants James and Newman "rebuked [him] openly in front of the training class." Despite this "rebuke," plaintiff states that he fulfilled his part of the employment contract by completing the required CPR class on June 7, 2006. Plaintiff commenced this lawsuit on May 30, 2006.

In the "Statement of Claims" section of the complaint form, plaintiff claims violation of the Florida Whistleblower statute, Fla. Stat. § 448.101 *et seq.*; Title II of the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act; Title VII of the Civil Rights Act; Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a); "1866 Contract Law;" the Fourteenth Amendment; 42 U.S.C. § 1981; and Fla. Stat. § 760.10. As relief, he seeks $100,000.00 in damages and a temporary restraining order against the YMCA "until they come in compliance with ADA."

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

The ADA prohibits an employer from discriminating against an otherwise qualified individual on the basis of a disability in regard to employment terms, conditions, and privileges. 42 U.S.C. § 12112(a).[2] Section 504 of the Rehabilitation Act prohibits discrimination -- on account of an individual's handicap -- under any program or activity that receives federal financial assistance. 29 U.S.C. § 794.[3] In his amended complaint, plaintiff fails to allege that he has a disability or handicap, despite this court bringing this deficiency to his attention in a previous amend order (doc. 3). To the extent plaintiff bases his claim on the fact that insulin-dependent children may not be allowed to participate in the YMCA programs because there are no qualified individuals to assist them with their medication, he has not shown that he has standing to bring such a claim. In order to maintain standing, the plaintiff must show "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Cuban American Bar Ass'n v. Christopher*, 43 F.3d 1412 (11th Cir. 1995) (citing *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994); *accord Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)). In addition, with respect to the actual or threatened injury, the plaintiff generally must assert that his own legal rights or interests have been injured as opposed to those of third parties. *Harris*, 20 F.3d at 1121 (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987). In limited instances, a litigant may present a third party claim when three criteria are met:

> the litigant must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a

---

[2] **Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.**

[3] **Section 504 of the Rehabilitation Act provides in pertinent part that "[n]o otherwise qualified individual with handicaps . . . shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C.A. § 794(a) (2002).**

>   close relation to the third party;  and there must exist
>   some hindrance to the third party's ability to protect his or
>   her own interests.

*Harris*, 20 F.3d at 1122 (quoting *Powers v. Ohio*, 499 U.S. 400, 409-12, 111 S.Ct. 1364, 1370-71, 113 L.Ed.2d 411 (1991)).  Although arguably there is a hindrance to the minor insulin dependent children pursuing their own interests, their parents or guardians could presumably do so in their behalf.  And, plaintiff has shown neither an "injury-in-fact," nor a close relation to the children in question.  Therefore, plaintiff lacks standing to present a third party claim.

Title VII of the Civil Rights Act makes it unlawful "for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2005).  Even construing the allegations of plaintiff's amended complaint in the light most favorable to him, they fail to suggest that plaintiff personally was a victim of discrimination as prohibited by Title VII.  Furthermore, plaintiff has not properly complied with jurisdictional prerequisites including exhausting his administrative remedies and receiving, and attaching, a "right to sue" letter.[4]  Exhaustion of administrative remedies is also required before filing suit under Title VII's anti-retaliation provision, 42 U.S.C. § 2000-3(a).  In its previous amend order, the court brought this apparent exhaustion deficiency to plaintiff's attention.  In his amended complaint, plaintiff again asserts his Title VII claims without alleging any facts to suggest that he has

---

[4]It is well established that prior to commencing a Title VII action in federal district court, "a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his right . . . to sue the respondent named in the charge." *Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996); *see also Green v. Elixir Industries, Inc.*, 152 Fed.Appx. 838 at *2 (11th Cir. 2005) (unpublished opinion) ("Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.") (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)).  Further, if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC must notify the complainant and he may then bring suit in district court within 90 days thereafter.  *Id.*; *see* 42 U.S.C. § 2000e-5(f)(1).

met the jurisdictional prerequisites, and without attaching a "right to sue" letter.[5]

To state a claim under 42 U.S.C. § 1981, a plaintiff must plead facts demonstrating: (1) that the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993) (citing *Baker v. McDonald's Corp.*, 686 F.Supp. 1474, 1481 (S.D. Fla.1987), *aff'd*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989)). Again, even generously reading plaintiff's amended complaint, his allegations completely fail to allege any, much less all, of these elements.

Plaintiff also claims that his Fourteenth Amendment rights were violated. The Fourteenth Amendment protects against the denial of equal protection of the laws and deprivations of life, liberty or property without due process of law. "[T]o establish an equal protection claim, a plaintiff must demonstrate that (1) 'he is similarly situated with other persons who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). Liberally construing the allegations of plaintiff's amended complaint, they completely fail to allege any of these elements.

Furthermore, as to plaintiff's due process claim, liberty or property interests entitled to due process protection under the Fourteenth Amendment may arise from the United States Constitution itself or from state law. *See Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983). In the instant case, plaintiff contends that he entered into a "contract" with the YMCA Myrtle Grove to work as a summer camp counselor, that tangible goods valued at approximately $110.00 were exchanged, and that he completed the requirement that he attend a CPR class.

---

[5] The same jurisdictional prerequisites apply before a plaintiff may file a suit under Section 504 of the Rehabilitation Act. *See Doe v. Garrett*, 903 F.2d 1455, 1459 (11th Cir. 1990), *cert. denied*, 499 U.S. 904, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991) (holding that employee must exhaust administrative remedies before bringing lawsuit under the Rehabilitation Act).

**However, completely lacking from plaintiff's complaint are allegations suggesting that he has been deprived of any liberty or property interest.**[11]  **Thus, plaintiff's**

---

[11]**Notably, in plaintiff's original complaint he conceded that as of the date of the complaint (May 30, 2006), he had not fulfilled his portion of the contract,** *i.e.*, **the employment prerequisite of the CPR class, in a timely fashion.  Plaintiff also alleged in his original complaint that he had been advised by defendant James on May 29, 2006 that the YMCA found someone else to fill his position since he had not completed the CPR class.  Assuming that plaintiff was attempting to bring a due process claim based on the loss of his position as a summer camp counselor at the YMCA, the court advised plaintiff that in Florida, a contract that fails to specify a period of time for employment is terminable by either party at any time.** See *J.R.D. Management Corp. v. Dullin,* **883 So.2d 314 (Fla. 4**[th] **DCA 2004),** *rev. denied*, **900 So.2d 553 (Fla. 2005) (citing** *Savannah, F. & W.R. Co. v. Willett*, **43 Fla. 311, 31 So. 246, 247 (1901) ("No action can be maintained for the breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. If a term of employment be discretionary with either party, or be indefinite, either party may terminate it at any time.");** *Knudsen v. Green*, **116 Fla. 47, 156 So. 240, 242 (1934) ("An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is terminable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure.");** *DeMarco v. Publix Super Mkts., Inc*., **384 So.2d 1253, 1254 (Fla.1980) ("[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.") (quoting** *DeMarco v. Publix Super Markets, Inc.*, **360 So.2d 134, 136 (Fla. 3d DCA 1978));** *Smith v. Piezo Tech. & Prof'l Adm'rs*, **427 So.2d 182 (Fla.1983) ("The established rule in Florida relating to employment termination is that '[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract'."));** *see also Story v. Culverhouse,* **727 So.2d 1128, 1130 (Fla. 2**[nd] **DCA 1999) (citing** *Lurton v. Muldon Motor Co.*, **523 So.2d 706 (Fla. 1st DCA 1988);** *Muller v. Stromberg Carlson Corp*., **427 So.2d 266 (Fla. 2d DCA 1983) (indefinite contract  terminable at any time by either party); and** *Raytheon Subsidiary Support Co. v. Crouch*, **548 So.2d 781 (Fla. 4**[th] **DCA 1989);** *Maines v. Davis*, **491 So.2d 1233 (Fla. 1**[st] **DCA 1986) (contract for definite duration is enforceable)).  Therefore, no property interest accrues in employment at will.**

The undersigned found that the failure to timely complete the CPR class could have served as "cause" for plaintiff's termination, and directed plaintiff to provide additional information about the terms and details of his employment and the alleged contract to enable the court to determine whether he might be able to state a federal constitutional claim.

In response, in his amended complaint plaintiff informs the court that he completed the CPR class on June 7, 2006.  However, plaintiff again omits the details of his employment and the alleged contract, and also omits one very important fact -- that he completed the CPR class only <u>after</u> defendant James advised him on May 29, 2006 that they found someone else to fill his position.  This omission is fatal to plaintiff's attempt to state a federal due process claim, because in omitting this fact plaintiff has left his complaint devoid of any allegation that he was deprived of a liberty or property interest.  Plaintiff is well aware, through the amend order issued in this case, as well as those issued in his numerous other cases, that an amended complaint must contain all of his allegations, because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.  Moreover, even if plaintiff had not omitted the allegation concerning his termination, he still failed to comply with the court's order that he provide additional information about the terms and details of his employment and the alleged contract.  Plaintiff is reminded that his *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court

federal due process claim lacks any arguable basis in the law.

Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims, including plaintiff's claims under Florida's Whistleblower statute and Florida Statute Section 760.10.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, t is respectfully RECOMMENDED:

1.  That plaintiff's federal claims be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2.  That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to his re-filing them in state court.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of July, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false or intentionally misleading responses or statements in any pleading or motion filed before it.

*Case No: 3:06cv238/RV/MD*